United States District Court
Southern District of Texas

**ENTERED**

January 03, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| AISHA WALDRUP, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-2171 |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SERVICES, et al., | § | |
| *Defendants*. | § | |

### ORDER

Pending before the Court are two Rule 12(b)(6) Motions to Dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc.'s ("MERS"), (Doc. No. 6), and Stanley Middleman ("Middleman") and Nestor Solutions, LLC ("Nestor") (collectively, "Defendants"). (Doc. No. 9). Plaintiff Aisha Waldrup did not file any response but did file an Amended Complaint without leave of Court three months later. (Doc. No. 22). As Plaintiff has repeatedly failed to abide by the Southern District's filing rules, the Court **STRIKES** Plaintiff's Amended Complaint without prejudice. (Doc. No. 22). Upon consideration of the law and arguments, the Court hereby **GRANTS** both Motions to Dismiss, (Doc. No. 6; 9), and **DISMISSES** Plaintiff's claims against MERS, Middleman, and Nestor, with prejudice. Further, the Court **DISMISSES** Plaintiff's claims against all remaining defendants named in the Original Complaint without prejudice.[1]

### I.    Background

The facts of this case are not laid out clearly by either party hut, based on the pleadings and motions, the Court understands them to be as follows. On January 15, 2021, Plaintiff entered into

---

[1]    Though only MERS, Middleman, and Nestor have filed motions to dismiss, the Court dismisses Plaintiff's Original Complaint against all parties. Though non-moving defendants would likely be similarly situated to movants, the Court need not consider the merits of Plaintiff's claims against those defendants because she has provided no evidence of service of process on any defendant—the deadline for which was August 29, 2024. *See* FED. R. CIV. PRO. 4(m).

a mortgage agreement with Defendants Cardinal Financial Company, LP. ("Cardinal") and Dovenmuehle Mortgage, Inc. ("Dovenmuehle"). (Doc. No. 1-1 at 6). As security for the loan, Plaintiff executed a Deed of Trust secured by her home in Spring, Texas in favor of Defendant MERS as nominee for Cardinal and its successors and assigns. (Doc. No. 6 at 2). In November 2023, MERS assigned its rights in the Deed of Trust to Freedom Mortgage Corporation ("Freedom"). (*Id.*). Then, in January 2024, Defendant Mortgage Connect recorded a corrective mortgage addressing a clerical error in the legal description of property. (*Id.*); (Doc. No. 7-3). In either May or June of 2024, Freedom provided notice to Plaintiff that it was accelerating her loan due to Plaintiff's failure to make her scheduled payments and would institute a foreclose proceeding.

Plaintiff then filed this suit for a temporary restraining order to prevent foreclosure and to rescind the mortgage based on alleged violations of several federal statutes. (Doc. No. 1-1). Plaintiff alleges that she informed defendants of potential violations under the Fair Credit Reporting Act, the CARES Act, and the Federal Deceptive Trade Practices Act based on Cardinal's transfer of Plaintiff's personal information to Freedom. (Doc. No. 1-1 at 6). Plaintiff alleges that Cardinal also failed to provide Plaintiff with written notice that she possessed certain rights of recission. (*Id.*). Plaintiff then alleges that the original mortgage document violated the Truth in Lending ACT (TILA) and the Real Estate Settlement Procedures Act (RESPA) by the:

> "Failure to provide proper closing disclosures. Inaccurate disclosures on closing statements, including a missing $4,600 refund. Failure to give written notice of recission rights, per CFPB 1026.23."

(Doc. No. 1-1 at 6).

Plaintiff also alleges that Mortgage Connect's corrected mortgage was fraudulent because it changed Plaintiff's escrow number, stated that Freedom was the original creditor, and created errors in the legal description of the property. (Doc. No. 1-1 at 7). Plaintiff then reported this

2

corrective mortgage as fraud to the Harris County Financial Crimes Division, who referred the investigation to the authorities in Moon Township, Pennsylvania, where Mortgage Connect is located. (*Id.*). Plaintiff filed suit in the 11th Judicial District Court of Harris County, Texas seeking a TRO to prevent foreclosure on the property and rescission of the original mortgage agreement based on the statutory violation. (Doc. No. 1-1 at 7). MERS then removed the matter to this Court.

## II.    Legal Standard

### A. Rule 12(b)(6) Motion to Dismiss

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III.   Analysis

Defendants' Motions to Dismiss both argue that Plaintiff's pleadings, taken as true, fail to state a claim upon which relief can be granted. First, Defendants point out that an obligor's rights of recission under TILA and RESPA for insufficient disclosures expire after three years. (Doc. No. 6 at 4). Second, Defendants argue that, because Plaintiff has no substantive claim on which she is likely to prevail, there is no basis for an injunction preventing the foreclosure sale. (Doc. No. 6 at 5). On all points, the Court agrees.

As an initial matter, Plaintiff's Original Petition lists numerous statutes that she alleges have been violated by various defendants, including the Fair Credit Reporting Act, the CARES Act, and the Federal Deceptive Trade Practices Act. (Doc. No. 1-1 at 6). Importantly, however, Plaintiff cites no specific provisions of these acts that have been violated or how she possesses a cause of action to enforce any such violation. Plaintiff provides no factual statements relating to these alleged violations at all, much less factual statements that are sufficient to survive a Rule 12(b)(6) inquiry. As such, the Court finds Plaintiff's pleading totally insufficient and will not consider those listed statutes as bases for any cause of action in the Plaintiff's live pleading. Plaintiff's Truth in Lending Act (15 U.S.C. § 1601, *et seq.*) and Real Estate Settlement Procedures Act (12 U.S.C. § 2601, *et seq.*), on the other hand, are followed by factual statements relating to Cardinal's failure to make proper disclosures at the time the mortgage document was signed. (*See* Doc. No. 1-1 at 6). Thus, the Court will fully address those claims.

### A. The Truth in Lending Act Claims

The Truth In Lending Act is a federal consumer protection statute that provides consumers with a cause of action against creditors that fail to make required disclosures. 15 U.S.C. §§ 1601

4

*et seq.*; 12 C.F.R. § 226 ("Regulation Z"). The purpose of the TILA is to "promote the informed use of consumer credit by requiring disclosures about its terms and costs. Regulations give consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, regulates certain credit card practices, and provides a means for fair and timely resolution of credit billing disputes." 12 C.F.R. § 226.1(b). Regulation Z applies to each individual or business that offers or extends credit when four conditions are met:

(i) credit is offered or extended to consumers;
(ii) offering or extension of credit is done regularly;
(iii) credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and
(iv) credit is primarily for personal, family, or household purposes.

12 C.F.R. § 226.1(c); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 184 (S.D. Tex. 2007), *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008).

Under TILA, a consumer has a right to rescind a contract when creditors fail to provide a consumer with disclosures of certain rights and abilities. *See* 15 U.S.C. § 1635(a). This right of recission, however, expires three years after the transaction is consummated. *Id.* at § 1635(f) ("An obligor's right of recission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."). This provision is not a statute of limitation, but rather an "expire provision." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998). The *Beach* Court held that Congress's manifest intent was that the Act "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Id.* at 419.

Plaintiff's allegations are based on improper disclosures made to her at the time the original mortgage document was signed. As such, taking Plaintiff's allegations as true and complete, her three-year right of rescission began to run on January 15, 2021, and expired January 15, 2024.

5

Plaintiff did not file the instant lawsuit seeking recission, however, until March 22, 2024. (Doc. No. 1-1 at 2). As such, Plaintiff's TILA claims are statutorily time-barred and, therefore, **DISMISSED** with prejudice.

## B. Plaintiff's Real Estate Settlement Procedures Act Claim

The Real Estate Settlement Procedures Act ("RESPA") is a federal statute designed to "ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of this country." 12 U.S.C. § 2601(a). The goal is to promote "more effective advance disclosure to home buyers and sellers of settlement costs." *Id.*; § 2601(b)(1); *Williams*, 504 F. Supp. 2d at 191.

RESPA requires that a lender give the borrower notice of "any assignment, sale, or transfer of the servicing of the loan to any other person," § 2605(b)(1), "not less than 15 days before the transfer of the servicing of the mortgage loan." § 2605(b)(2)(A). Nevertheless, RESPA includes a three-year statute of limitations. § 2614 ("Any action pursuant to [the 15-rule] . . . may be brought in the U.S. district court or in any other court of competent jurisdiction . . . within 3 years . . . ."). While Plaintiff does not specify what transfer or assignment it was that would have violated RESPA, the Plaintiff follows her RESPA claim with factual allegations regarding disclosures at the time of closing. (Doc. No. 1-1 at 6). Thus, assuming Plaintiff could show a meritorious cause of action under § 2605(b), that claim also became statutorily time-barred on January 15, 2024. This claim is therefore **DISMISSED** with prejudice.

## C. Plaintiff's Request for a Temporary Restraining Order (TRO)

Plaintiff's Original Petition seeks a TRO to prevent the defendants from foreclosing on the property. A federal court sitting in equity has power to issue a TRO. FED. R. CIV. P. 65. The standard for a TRO is generally the same as the standard for a preliminary injunction. *See May v.*

6

*Wells Fargo Home Mortg.*, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013). The standard for a preliminary injunction consists of four factors that Plaintiff must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997) (citing *Roho Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)). A TRO, like all injunctive relief, is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), cert. denied, 134 S. Ct. 1789 (2014). The party moving for a TRO must carry the burden as to all four elements before a TRO may be considered. *Cf. Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013).

As the Court has dismissed Plaintiff's statutory claims, she has failed to establish a substantial likelihood of success on the merits. Therefore, the Court cannot grant the "extraordinary remedy" of a temporary restraining order to prevent the foreclosure of her property.

## IV.   Conclusion

Defendant MERS's Motion to Dismiss, (Doc. No. 6), and Defendants Middleman and Nestor's Motion to Dismiss, (Doc. No. 9), are hereby **GRANTED**, and Plaintiff's claims against those defendants are hereby **DISMISSED** with prejudice. Plaintiff's claims against all other named defendants are **DISMISSED** without prejudice for failure to effectuate timely service of process.

SIGNED this 3rd day of January, 2025.

Andrew S. Hanen
United States District Judge